# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### CLARENCE D. SCHREANE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**Nos. 264982 and 283882      Rebecca J. Stern, Judge**

**No. E2012-00954-CCA-R3-CO - Filed October 2, 2013**

In this consolidated appeal, the pro se appellant, Clarence D. Schreane, appeals as of right from the Hamilton County Criminal Court's orders denying relief from his 2004 convictions of first degree murder and especially aggravated robbery. Prior to this court's consolidation of the case, the State filed motions to dismiss the appeals or, alternatively, to affirm the trial court's denials of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. In light of the complexities of the issues raised in this appeal, we conclude that the State's motions should be treated as responsive briefs. Following our review, we affirm the orders of the Hamilton County Criminal Court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Clarence D. Schreane, Allenwood, Pennsylvania, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe and Deshea Dulany Faughn, Assistant Attorneys General, for the appellee, State of Tennessee.

### OPINION

In 2004, a Hamilton County Criminal Court jury convicted the appellant of the 1991 first degree murder and especially aggravated robbery of Marcus Charles Edwards. The trial court sentenced the appellant to an effective sentence of life imprisonment plus 60 years for the offenses. This court affirmed the appellant's conviction and sentences on direct appeal. *State v. Clarence David Schreane*, No. E2004-00520-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Apr. 5, 2006), *perm. app. denied* (Tenn. Aug. 28, 2006).

Following this court's affirming the convictions on direct appeal, the appellant filed a petition for post-conviction relief in Hamilton County Criminal Court case number 264982 alleging that he was deprived of the effective assistance of counsel by counsel's failing to seek a dismissal of the indictment for pre-indictment delay, failing to seek dismissal of the indictment for violating the Interstate Compact on Detainers, and failing to seek suppression of his statements to investigators on the basis of a denial of his right to counsel. The trial court denied relief, and this court affirmed the trial court's denial on appeal. *Clarence David Schreane v. State*, E2009-01103-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Oct. 7, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011).

On March 23, 2012, the appellant filed a pleading entitled "Federal Rule [of] Civil Procedural Rule 60(b) Motion to Reopen." In this motion, the appellant reiterated the argument concerning counsel's handling of the motion to suppress his statements to investigators, which was previously raised in the post-conviction petition. Although the motion referenced the federal rule of civil procedure concerning a motion seeking relief from judgment, *see* Rule 60(b)(6) of the Federal Rules of Civil Procedure, the trial court treated the motion as a motion to reopen post-conviction proceedings, *see* Tennessee Code Annotated section 40-30-117, and, alternatively, as a petition for a writ of error coram nobis, *see* Tennessee Code Annotated section 40-26-105. The trial court ruled that the allegation of the motion did not present cognizable grounds for relief under either theory and summarily denied relief.

On May 9, 2012, the appellant filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3 from the trial court's order. On appeal, the appellant contends that his conviction resulted from a violation of his rights pursuant to the Interstate Compact on Detainers. On October 24, 2012, the State filed a motion to dismiss or, alternatively, to affirm pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, arguing that the appellant failed to properly seek discretionary review from the denial of a motion to reopen post-conviction proceedings, *see* Rule 28 section 10 (B) of the Tennessee Supreme Court Rules, and that the trial court's denial of coram nobis relief should be affirmed. Because of the complexities of the issues raised, we choose to treat the State's motion as a responsive brief.

When viewed as a motion to reopen post-conviction proceedings, the State correctly notes that the appellant should have filed an application for permission to appeal from the trial court's denial of the motion to reopen post-conviction proceedings. *See* Tenn. S. Ct. R. 28 §10(B). The appellant, however, failed to seek permissive review of the motion to reopen pursuant to Rule 28, and "[a] petitioner has no appeal as of right from a lower court's denial

of his motion to reopen a post-conviction petition." *See* Tenn. R. App. P. 3(b)*; Charles W. Elsea, Jr. v. State*, E2012-01661-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., at Knoxville, Mar. 28, 2013). That being said, this court has no jurisdiction to review the action of the trial court relative to the denial of a motion to reopen post-conviction proceedings.

The appellant fares no better, however, when his pleading is viewed as a petition for writ of error coram nobis. A writ of error coram nobis is available to a defendant in a criminal prosecution. Tenn. Code Ann. § 40-26-105. A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). "The purpose of this remedy is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment." *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004) (quoting *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. Tenn. Code Ann. § 40-26-105; *Hart*, 911 S.W.2d at 375.

The writ may not be utilized to relitigate claims previously raised via other avenues of relief. *Matthew Jackson v. State*, M2012-01063-CCA-R3-CO, slip op. at 7 (Tenn. Crim. App., at Nashville, Dec. 26, 2012). Therefore, the trial court correctly denied coram nobis relief based upon the allegation contained in the March 23, 2012 pleading. Furthermore, to the extent the appellant attempts to argue on appeal that a violation of the Interstate Compact on Detainers occurred in his case, we note that this court previously ruled that the appellant's "transfers between federal and state custody were done pursuant to writs of habeas corpus ad prosequedum and not by detainers. These writs do not qualify as detainers under the Compact and did not trigger its protections." *Clarence David Schreane v. State*, No. E2009-01103-CCA-R3-PC, slip op. at 11 (Tenn. Crim. App., at Knoxville, Oct. 7, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011). For these reasons, we affirm the trial court's denial of relief in case number 264982.

*Hamilton County Criminal Court Case Number 283882*

On May 10, 2012, in case number 283882, the appellant filed a petition for a writ of error coram nobis challenging his conviction of first degree murder and especially aggravated robbery on the basis of newly discovered evidence concerning the trial court's admission of his statement at trial. On May 18, 2012, the trial court denied coram nobis relief. The appellant filed a notice of appeal on June 14, 2012. On appeal, this court affirmed the denial of relief. *Clarence D. Schreane v. State*, No. E2012-01202-CCA-R3-PC (Tenn. Crim. App., at Knoxville, May 7, 2013), *perm. app. denied* (Tenn. June 4, 2013).

On June 28, 2012, while the appeal of the trial court's denial of coram nobis relief was

pending, the appellant filed a Motion for Relief from Judgment. The trial court overruled the motion, and the appellant filed a notice of appeal from the trial court's denial of the motion. The State filed a motion to dismiss or, alternatively, to affirm pursuant to Rule 20, arguing that no appeal as of right lies from the denial of a Rule 60 motion for relief from judgment. *See* Tenn. R. App. P. 3(b). Because of the complexity of the issues raised, we choose to treat the State's motion as a responsive brief.

The Rules of Civil Procedure are not applicable to a petition for writ of error coram nobis filed pursuant to Code section 40-26-105. *State v. Harris*, 301 S.W.3d 141, 153 n.17 (Tenn. 2010). Accordingly, we conclude that the appellant's motion seeking relief from judgment was inapt and that the trial court correctly denied relief.

Furthermore, the State correctly notes that an appeal as of right does not lie from the trial court's denial of such a motion. Rule 3(b) of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and . . . . The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order denying a request for expunction.

Tenn. R. App. P. 3(b). The appellant does not have an appeal as of right from the denial of a motion for relief from judgment filed in a criminal case. The judgment of the trial court is affirmed.

*Conclusion*

In case number 264982, the appellant failed to perfect an appeal from the denial of a motion to reopen post-conviction proceedings. The trial court also correctly denied the appellant's petition for writ of error coram nobis. In case number 283882, the appellant does not have an appeal as of right from the denial of a motion seeking relief from judgment inaptly filed in a coram nobis case. Accordingly, we affirm the judgments of the Hamilton County Criminal Court.

_____
D. KELLY THOMAS, JR., JUDGE